

FILED

**April 28, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 12:02 PM**

## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: RANFERI VELEDIAZ**

**EMPLOYER: VALLES ROOFING**

**INSURANCE CARRIER: LIBERTY MUTUAL**

**DOCKET #: 2014-02-0044**
**STATE FILE #: 90533-2014**
**DATE OF INJURY: 08/07/2014**

**EMPLOYER: PANKRATZ CONSTRUCTION**

**INSURANCE CARRIER: BUILDERS PREMIER**

**DOCKET #: 2014-02-0018**
**STATE FILE#: 79149-2014**
**DATE OF INJURY: 08/07/2014**

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge on April 8, 2015, upon the Requests for Expedited Hearing filed by Ranferi Velediaz (Mr. Valediaz), the Employee, on March 10, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014) to determine if Valles Roofing (Valles), the subcontractor, and Liberty Mutual, its insurance carrier, or Pankratz Construction (Pankratz), the general contractor, and Builders Premier, its insurance carrier, is obligated to provide temporary disability benefits and medical benefits. The parties agreed to defer the issues of Mr. Velediaz's average weekly wage and compensation rate and his entitlement to temporary disability benefits until an authorized treating physician treats Mr. Velediaz and renders an opinion on his work status from the date of the accident to present.

### ANALYSIS

#### Issue

Whether Valles and Liberty Mutual or Pankratz and Builders Premier is responsible for payment of medical benefits.

#### Evidence Submitted

The following witnesses testified:

- Mr. Ranferi Velediaz
- Mr. Jose Delgado-Roofer for Valles Roofing

1

- Oscar Bahena-Owner Valles Roofing
- Jason Pankratz-Owner Pankratz Construction.

The Court designated the following as the technical record:

- Petition for Benefit Determination
- Dispute Certification Notice
- Request for Expedited Hearing.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

The Court admitted the following into evidence:

- Exhibit 1: Medical Bills for Ranferi Velediaz (20 pages)
- Exhibit 2: The Daily Times News Article on the Accident (1 page)
- Exhibit 3: Medical Bills for Mr. Jose Delgado (12 pages)
- Exhibit 4: Certificate of Liability Insurance Policy Number 10-15628-14132-120444 (1 page)
- Exhibit 5: Certificate of Liability Insurance Policy Number WC5-35S-540883-014 (1 page)
- Exhibit 6: Liberty Mutual Contract of Insurance Policy Number WC5-35S-540883-014 (43 pages)(marked for identification only).

**Stipulations of the Parties**

The Parties submitted and admitted the following written stipulated facts:

- Ranferi Delgado Velediaz was employed with Valles Roofing on or about August 7, 2014.
- While acting in the course and scope of his employment, Ranferi Delgado Veldiaz suffered a fall when a roof collapsed on a home in Maryville, Tennessee.
- Ranferi Delgado Velediaz suffered injuries arising from and in the course and scope of his employment with Valles Roofing on or about August 7, 2014.
- Ranferi Delgado Velediaz was treated at the University of Tennessee Medical Center for the injuries he sustained as a result of the work-related accident on or about August 7, 2014. Mr. Velediaz also incurred medical bills from Rural Metro Ambulance, University General Surgeons, P.C., University Radiology, and Rural Metro as a result of his work-related injuries.
- Liberty Mutual Insurance Company filed a Notice of Denial of Ranferi Delgado Velediaz's workers' compensation claim with the Tennessee Department of Labor Workers' Compensation Division on or about September 23, 2014.
- Builders Premier Insurance filed a Notice of Denial of Ranferi Delgado Velediaz's workers' compensation claim with the Tennessee Department of Labor Workers' Compensation

2

Division on or about September 30, 2014.

- Valles Roofing was a "subcontractor" of Pankratz Construction as that term is used at T.C.A. § 50-6-901 *et seq.* at the work site where Mr. Velediaz was injured.
- Pankratz Construction was a "general contractor" as that term is used in T.C.A. § 50-6-901 *et seq.* at the work site where Mr. Velediaz was injured.
- Ranferi Delgado Velediaz has not been provided any medical benefits or temporary total disability benefits by Valles Roofing or its insurer.
- Ranferi Delgado Velediaz has not been provided any medical benefits or temporary disability benefits by Pankratz Construction or its insurer.[1]

## History of Claim

Mr. Velediaz worked as a roofer for Valles. Valles served as a sub-contractor on various sites for Pankratz. On August 7, 2014, Mr. Velediaz and other workers roofed a home built by Pankratz. Mr. Velediaz fell when an overhang collapsed. He sustained injuries and received medical treatment from Rural Metro Ambulance, University General Surgeons, P.C., University Radiology, and other providers.

Mr. Oscar Bahena owns Valles, a Tennessee company. He went to Lilburn, Georgia, to American Services Group, LLC (American), to file his income taxes and obtain workers' compensation insurance. Mr. Bahena knew that he had to obtain general liability and workers' compensation insurance to work on Pankratz's sites. He purchased a workers' compensation insurance policy from Liberty Mutual through American and paid the insurance premiums to American. He has never seen a copy of the contract for the insurance he purchased.

Pankratz, a general contractor, selected Valles to work as a roofing subcontractor on the project in question. Pankratz required Valles to have proof of insurance. Prior to the incident in question, and after requesting proof of insurance, Pankratz received a Certificate of Liability Insurance from American. This form listed Liberty Mutual Insurance Corporation as the insurer. This form contained the policy number 10-15628-14132-120444. Following the incident in question, Pankratz obtained another Certificate of Liability Insurance from American listing Liberty Mutual as the workers compensation carrier but with a policy number of WC5-35S-540833-014. Both of policies indicated that workers' compensation coverage existed between March 15, 2014, and March 15, 2015. Both forms indicated Oscar Bahena DBA Valles Roofing, 201 Grayson Drive, Alcoa, TN 37701, as the insured entity.

Mr. Velediaz's Petition for Benefit Determination (PBD) requested medical benefits. The parties did not reach an agreement on the issue. This matter came before the Court on April 8, 2015.

---

[1] The Court recited the parties written stipulations verbatim. The parties failed to use the new "arising primarily" statutory language for the stipulations when they referenced Mr. Velediaz's injuries. The Court finds that the parties intended to use the statutory language, as contained in Tennessee Code Annotated section 50-6-102(12) (2014), that Mr. Velediaz's injuries arose primarily out of and in the course and scope of his employment.

3

## Mr. Velediaz's Contentions

Mr. Velediaz contends that his injury arose primarily out of and in the course and scope of his employment. He argues that he is entitled to medical benefits. He requests a panel of physicians and payment of past medical expenses.

## Valles's Contentions

Valles contends that it secured workers' compensation insurance with Liberty Mutual, and, therefore, Liberty Mutual should pay benefits for Mr. Velediaz's injuries. Valles asserts that it paid premiums for its workers' compensation coverage. Valles further asserts that when Pankratz requested proof of coverage, Liberty Mutual's agent sent a Certificate of Insurance to Pankratz.

## Liberty Mutual's Contentions

Liberty Mutual contends that it provided workers' compensation coverage for Valles, but only for work performed in the State of Georgia. It asserts that a Certificate of Insurance is not a contract or proof of a contract's provisions. It contends that the Court should hold Builders Premier, the workers' compensation carrier for Pankratz, responsible for payment of benefits to Mr. Velediaz.

## Builders Premier's Contentions

Builder's Premier contends that Valles had workers' compensation insurance with Liberty Mutual and, therefore, Pankratz is not responsible for payment of benefits to Mr. Velediaz.

## Findings of Fact and Conclusions of Law

### Standard Applied

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at Expedited Hearings than the standard of proof required at Compensation Hearings. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. 50-6-239(d)(1) (2014); *McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003).

4

*Factual Findings*

The evidence proves that Mr. Velediaz suffered injuries arising primarily out of and in the course and scope of his employment as a result of fall from a roof on Pankratz's worksite. Mr. Velediaz worked as a roofer for Valles, a subcontractor for Pankratz. Valles had workers' compensation insurance with Liberty Mutual. Mr. Velediaz incurred medical bills for treatment he received as a result of the accident.

*Application of Law to Facts*

The only issue is which party bears responsibility for payment of medical benefits. Tennessee Code Annotated section 50-6-113 (2014) addresses the liability of contractors and provides the following in pertinent part:

> (a)  A principal contractor, intermediate contractor or subcontractor shall be liable for compensation to any employee injured while in the employee of any of the subcontractors of the principal contractor, intermediate contractor or the subcontractor engaged and engaged upon the subject matter of the contract to the same extent as the immediate employer.
>
> (b)  Any principal contractor, immediate contractor or subcontractor who pays compensation under subsection (a) may recover the amount paid from any person who, independently of this section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor.
>
> (c)  Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but the proceedings shall not constitute a waiver of the employee's rights to recover compensation under this chapter from the principal or intermediate contractor; provided, that the collection of full compensation from one (1) employer shall bar recovery by employee against any others, nor shall the employee collect from all a total compensation in excess of the amount for which any of the contractors is liable.

Tenn. Code Ann. § 50-6-113(a)-(c) (2014).

Liberty Mutual argued it only provided workers' compensation coverage for Valles in Georgia according to its contract with Valles. However, this Court did not admit the contract into evidence because Liberty Mutual did not have a witness that could authenticate the contract. The only proof in evidence indicated that Liberty Mutual provided coverage for Valles in Tennessee. The Certificate of Insurance listed Valles with a Tennessee address. Mr. Bahena testified he bought workers' compensation for coverage in Tennessee. When Pankratz, a Tennessee company, requested proof of insurance, Liberty Mutual's agent sent it to Pankratz in Tennessee.

The evidence submitted proves that Valles had secured workers' compensation coverage from Liberty Mutual for injuries sustained in Tennessee. Therefore, Liberty Mutual is the responsible workers' compensation carrier in this case. Mr. Velediaz shall submit all previous medical bills incurred as a result of this accident to Liberty Mutual for payment according to the fee schedule. If additional information becomes available demonstrating that Liberty Mutual did not provide Valles coverage in Tennessee, the Court may issue a further ruling clarifying the responsibilities of the parties and addressing recoupment pursuant to Tennessee Code Annotated section 50-6-113(b). Until the Court issues such an order, Liberty Mutual shall continue to cover the cost of benefits pursuant to this order.

Because the parties stipulated that Mr. Velediaz suffered an injury arising primarily out of and in the course and scope of his employment, Liberty Mutual shall provide him a panel of physicians pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(i) (2014).

**IT IS, THEREFORE, ORDERED** as follows:

1. Liberty Mutual, workers' compensation carrier for Valles, is the responsible insurance carrier in this case.

2. Liberty Mutual shall provide a panel of physicians to Mr. Velediaz pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(i), and shall pay for all prior medical treatment listed in the parties stipulations and exhibit 1.

3. This Court reserves both the issue of Mr. Velediaz's average weekly wage and compensation, and the issue of his work status following the accident, pending an evaluation and determination by the authorized treating physician.

4. This matter is set for Initial Hearing on June 18, 2015, at 2:00 p.m. Eastern Time.

**ENTERED this the 28th day of April 2015.**

**BRIAN K. ADDINGTON**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Brian K. Addington, Court of Workers Compensation. You must call 865-594-6538 or toll free at 855-543-5044 to participate in the Initial Hearing.

Please Note: You must call in on June 18, 2015, at 2:00 p.m. Eastern Time to participate. Failure to call in may result in a determination of the issues without your further participation. All

6

conferences are set using Eastern Time (ET).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of April, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Mail/Email Address |
|---|---|---|---|---|---|---|
| L. Gibbons, Esq. | | | | | x | link@linkgibbonslaw.com |
| C. Torres, Esq. | | | | | x | torrescharles@bellsouth.net |
| M. Moore, Esq. | | | | | x | mmoore@bpjlaw.com |
| J. Foster, Esq. | | | | | x | jfoster@.com |
| M. Dajcar, Esq. | | | | | x | mdajcar@hotmail.com |

**PENNY SHRUM**
**CLERK OF THE COURT**